FILED
Clerk
District Court
OCT 31 2016
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AMALIA ABO GUANLAO,<br><br>Petitioner,<br><br>-v-<br><br>GERALD ZEDDE, in his Official Capacity as Supervisory DDO, Saipan, Immigration and Customs Enforcement (ICE), United States Department of Homeland Security, *et al.*,<br><br>Respondents. | Case No. 1:16-CV-00018<br><br>DECISION AND ORDER GRANTING IN PART AND DENYING IN PART RESPONDENTS' MOTION TO DISMISS AMENDED PETITION |

## I.   INTRODUCTION

Before the Court is Respondents' Motion to Dismiss Amended Petition (ECF No. 15). Respondents are the Attorney General, the Secretary of Homeland Security, and various immigration officials within the Department of Homeland Security (DHS), all of whom are being sued in their official capacities. (Am. Pet., ECF No. 10.) They will be referred to collectively as "the Government." The motion is brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction, and is supported by a Memorandum of Points and Authorities ("Memo.," ECF No. 16). Petitioner Amalia Abo Guanlao has filed an opposition (ECF No. 18), to which the Government has filed a reply (ECF No. 19). Petitioner also has filed Notice of Supplemental Authority (ECF No. 20). Having considered all the papers and the

arguments made by counsel at a hearing on August 3, 2016, the Court will grant the motion as to all claims except the claim of ineffective assistance of counsel by attorney Alice Rae.

## II.   BACKGROUND FACTS

Guanlao is a citizen of the Republic of the Phillipines. (Am. Pet. ¶ 19.)[1] She has resided in the CNMI for 22 years. (*Id.*) She first arrived in the CNMI in 1994. (*Id.*) At that time, federal immigration laws did not apply to the Commonwealth. (*Id.* ¶ 33.) *See Mtoched v. Lynch,* 786 F.3d 1210, 1212 (9th Cir. 2015) (sketching the history of immigration laws in the CNMI); *also Commw. of the N. Mariana I. v. United States,* 670 F. Supp. 2d 65, 71 (D.D.C. 2009).

In 2008, Congress passed the Consolidated Natural Resources Act (CNRA), Pub. L. 110-229, 122 Stat. 754. (Am. Pet. ¶ 33.) Title VII of the CNRA extended federal immigration law to the CNMI. (*Id.*) The transition to federal immigration control commenced on November 28, 2009. (*Id.* ¶ 34.) On November 27, the last day of full control of immigration by the Commonwealth, Guanlao was lawfully present in the CNMI pursuant to Commonwealth immigration laws. (*Id.*) She owed her legal right to live and work in the CNMI to the fact that she was a plaintiff in a lawsuit that was pending in this Court against her former employer. (*Id.* ¶ 35.) On October 19, 2009, a little more than a month before the CNRA took effect, the Commonwealth Department of Labor issued Guanlao an Authorization to Seek Temporary Employer. (*Id.,* Ex. 2.) The Authorization was limited to seeking an employer and expressly did not authorize Guanlao to work. "Any employee using this document to work is in violation of applicable CNMI Labor Laws." (*Id.,* Ex. 2.) [2]

Under the CNRA, an alien who was lawfully present in the CNMI on the "transition program effective date" of November 28, 2009, could not be removed until two years hence or

---

[1] In deciding a motion to dismiss, the Court accepts all well-pled allegations as true. *Lazy Y Ranch Ltd. V. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

[2] The Court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." *Lazy Y Ranch,* 546 F.3d at 588.

until expiration of the alien's CNMI status, whichever was earlier. 48 U.S.C. § 1806(e)(1)(A). Prior to the effective date, the CNMI Department of Labor issued so-called umbrella permits to many nonresident workers to extend their lawful status for a full two years, to the end of the grace period. *See De Guzman v. Napolitano,* No. 1:11-cv-00021, 2011 WL 8186655, *1 (D.N.M.I. Dec. 30, 2011).

Prior to the transition program effective date, the CNMI Attorney General granted Guanlao an umbrella permit. (Am. Pet. ¶ 2, 38.) Sometime thereafter, however, the permit was canceled. (*Id.,* Ex. 3, Letter, June 6, 2010, from Guanlao to USCIS Director Walter Haith.) "I filed a 'Request for Umbrella Permit' to Ombudsman office last October 2009 and November 26, 2009 the Attorney General's Office published a notice to the newspaper (Saipan Tribune) that they issue me an 'Umbrella Permit' but the issuance was cancelled." (*Id.*)

On June 6, 2010, based on her entitlement to an umbrella permit and the ongoing labor lawsuit, Guanlao wrote a letter to USCIS requesting parole in place. (Am. Pet. ¶ 41.) On September 21, 2011, USCIS denied her request for parole in place. (*Id.*)

Meanwhile, on March 25, 2011, DHS placed Guanlao in removal proceedings. (*Id.* ¶ 39.) Guanlao was represented in removal proceedings by attorneys John Doe and Jane Roe.[3] (*Id.* ¶ 47.)

On June 17, 2011, ICE Director John Morton issued a policy memorandum on exercising prosecutorial discretion with respect to removal of aliens. (*Id.* ¶ 42; Ex. 4.) Federal immigration officials failed to evaluate Guanlao's case under the standards set forth in the Morton memorandum. (*Id.* ¶ 42.)

///

//

/

---

[3] With the Court's leave, Guanlao has substituted John Doe, Jane Roe, and Alice Rae for the real names of former counsel.

1    During the pendency of removal proceedings, on January 31, 2012, an employer petitioned for CW-1 status for Guanlao. (*Id.* ¶ 44.) On April 25, 2012, Respondent Rosemary Melville of the USCIS California Service Center denied the petition. (*Id.*)

   On March 7, 2012, Guanlao's counsel Joe Hill renewed the request for parole in place through the USCIS's Guam Field Office. (*Id.* ¶ 45.) Parole in place was granted on May 1, 2012, but subsequently revoked by Respondent Stephen Green of the Guam Field Office because Guanlao was in removal proceedings. (*Id.,* Ex. 6.) Green denied a third application for parole in place on September 24, 2013. (*Id.* ¶ 48.)

   On September 19, 2012, Guanlao applied for CW-2 status. (*Id.* ¶ 46.) On July 1, 2013, Respondent Donna Campagnolo, acting director of the California Service Center, denied the application. (*Id.*)

   On September 10, 2013, the immigration judge ordered Guanlao removed, based on the application of INA § 212(a)(7)(A)(i)(I). (*Id.* ¶ 49, Ex. 7.) Guanlao's two attorneys "apparently" failed to challenge the applicability of that section to Guanlao and "also failed to file any applications for relief, such as cancellation of removal, on [Guanlao's] behalf." (*Id.* ¶ 49.)

   Attorney John Doe refused to work on Guanlao's appeal of the removal order to the Board of Immigration Appeals (BIA). (*Id.* ¶ 52.) Guanlao was unable to find other counsel to represent her and was forced to take the appeal pro se. (*Id.*) In the appeal, she failed to raise the ineffectiveness of her former counsel, to object to the institution of removal proceedings during the grace period, and to challenge the applicability of INA § 212(a)(7)(A)(i)(I). (*Id.*) On May 14, 2015, the BIA dismissed the appeal. (*Id.,* Ex. 8.)

   During the pendency of the appeal, a second employer petitioned for CW-1 status for Guanlao. (*Id.* ¶ 54.) On October 29, 2015, Respondent Kathy Baran, a director of the California Service Center, denied the petition. (*Id.*)

After losing her BIA appeal, Guanlao "procured the assistance of another lawyer, Alice Rae." (*Id.* ¶ 55.) Instead of seeking judicial review of the dismissal order in the Ninth Circuit, on June 8, 2015, Rae attempted to move the BIA to reopen removal proceedings on grounds of ineffective assistance of counsel. (*Id.*) On June 22, the BIA rejected the filing because Rae had used the wrong form – an EOIR-26 Notice of Appeal from a Decision of an Immigration Judge. (*Id.*) Attorney Rae never petitioned for judicial review or attempted to cure the misfiled motion to reopen. (*Id.* ¶ 56.)

On November 23, 2015, attorney John Doe filed motions to reopen and to stay Guanlao's removal with the BIA. (*Id.* ¶ 57.) In the motions, John Doe did not raise the issue of his own ineffectiveness at prior stages of the removal proceedings. (*Id.* ¶ 58.) On March 2, 2016, the BIA denied the motions. (*Id.* ¶ 57, Ex. 9.) The BIA declined to reopen the case based on Alice Rae's alleged failures because it found that Guanlao had not shown prejudice – had not established that she was not removable or was eligible for relief from removal. (Ex. 9.)

In November 2013 and May 2016, Guanlao filed complaints against her lawyers with the Disciplinary Committee of the CNMI Bar Association.

### III.   LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for dismissal based on lack of subject matter jurisdiction. "[W]hen subject matter jurisdiction is challenged under Federal Rule of [Civil] Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Invs., LLC v. United States,* 541 F.3d 1189, 1197 (9th Cir. 2008) (internal quotation marks and citation omitted). Further, "[a] jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003).

//

/

## IV.   DISCUSSION

### A.   Claims for Declaratory and Injunctive Relief

Guanlao's second and third causes of action are for declarations that she was lawfully present in the CNMI as of November 27–28, 2009, and "that INA section 212(a)(7)(A)(i)(I) is subordinate to 48 U.S.C. § 1806(e)," along with several legal conclusions that would flow from those determinations. (Am. Pet. ¶¶ 65–70.) The Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, gives district courts discretion to provide declaratory relief but is not an independent source of jurisdiction. *Countrywide Home Loans, Inc. v. Mortgage Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011). It only creates a remedy, not a cause of action. *See Stock West, Inc. v. Confederated Tribes of Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, the second and third causes of action must be dismissed.

Guanlao's fourth cause of action is for an injunction ordering the reopening of the period for her to file a petition for review with the court of appeals and of the period to file motions to reopen with the BIA or the immigration court. Injunctive relief, like declaratory relief, is a remedy, not a cause of action. *See Sandoval v. PharmaCare US, Inc.,* __ F. Supp. 3d __, 2015 WL 7351512, *9, 2015 U.S. Dist. LEXIS 15708, *26 (S.D. Cal. 2015); *Long v. JP Morgan Chase Bank, Nat'l Ass'n,* 848 F. Supp. 2d 1166, 1180 (D. Haw. 2012). Therefore, the fourth cause of action must be dismissed.

The Court retains discretion to craft appropriate declaratory and injunctive relief for claims over which it does have jurisdiction.

### B.   Habeas Claims

On June 23, 2016, the Court made a preliminary finding that it has jurisdiction to hear Guanlao's habeas petition, but gave the Government leave to file a motion to reconsider that determination. (Order Discharging Order to Show Cause, ECF No. 6.) The Government makes the following arguments in support of dismissal of Guanlao's claims for habeas relief: (1) the

Court lacks habeas jurisdiction because Guanlao is not in custody; (2) the INA strips the district court of jurisdiction to collaterally attack a removal order; (3) 8 U.S.C. § 1252(g) strips the district court of jurisdiction to review immigration officers' discretionary acts; and (4) Guanlao's ineffective assistance of counsel claim exceeds the Ninth Circuit's narrow jurisdictional exception. The Court will discuss each of the Government's arguments in turn.

1.  *Custody*

A district court may not grant a writ of habeas corpus unless the petitioner is in custody. *Smith v. U.S. Customs and Border Protection,* 741 F.3d 1016, 1019 (9th Cir. 2014) (construing 28 U.S.C. § 2241(c)). Guanlao is not in custody in the strict sense: she is not under arrest, in a jail or detention center, or otherwise physically restrained. But it has long been the view of the Ninth Circuit that "so long as he is subject to a final order of deportation, an alien is deemed to be 'in custody' for purposes of the INA [Immigration and Naturalization Act] . . ." *Nakaranurack v United States,* 68 F.3d 290, 293 (9th Cir. 1995). Guanlao is subject to a final order of deportation, so it appears she is in custody.

The Government contends that because of changes to immigration law in the REAL ID Act of 2005, *Nakaranurack* is no longer binding precedent as to whether a final order of removal is sufficient to demonstrate custody for habeas purposes. (Memo. 9.) In support, it points out that the Ninth Circuit has recognized that the REAL ID Act "eliminat[ed] federal habeas corpus jurisdiction over final orders of removal in favor of petitions for review that raise 'constitutional claims or questions of law.'" *Nadarajah v. Gonzales,* 443 F.3d 1069, 1075 (9th Cir. 2006).

This argument is not persuasive. The section of the REAL ID Act governing judicial review of orders of removal, codified at 8 U.S.C. § 1252, contains no language altering or restricting the definition of custody. Nor must such a restriction be implied, for the Act channels judicial review of questions of law and fact away from habeas proceedings even if an alien is being physically detained pending removal.

In its June 23 order, this Court based its preliminary finding of jurisdiction on *Singh v. Gonzales,* 499 F.3d 969 (9th Cir. 2007), a Ninth Circuit decision that was issued after the enactment of the REAL ID Act. (*See* Order Discharging Order to Show Cause, ECF No. 6.) Like Guanlao, the petitioner in *Singh* was in constructive custody, not physical custody. *See* Notice of Motion and Motion for Emergency Stay, ECF No. 2, *Singh v. Chertoff,* No. 3:05-cv-02023-CRB (N.D. Cal. May 18, 2005) ("Petitioner is in the constructive custody of respondents").

For these reasons, the Court finds that Guanlao is in custody for habeas purposes.

2. *Collateral Attack*

In her habeas petition, Guanlao asks the Court to declare that she was lawfully present in the CNMI on certain dates and was entitled to live and work here during certain periods (Am. Pet. ¶¶ 66–67), and to hold that the documentation requirements of INA § 212(a)(7) must be construed as "subordinate to" prohibitions on removal set forth in the CNRA (Am. Pet. ¶ 70). The Government asserts that these aspects of Guanlao's habeas petition raise an impermissible indirect challenge to her removal order. (Memo. 14–16.)

After the REAL ID Act, the only permissible habeas claims touching on removal orders are those that arise independently of those orders and do not challenge, directly or indirectly, their legal or factual basis. *Singh,* 499 F.3d at 978; *Martinez v. Napolitano,* 704 F.3d 620, 622 (9th Cir. 2012). Examples of permissible claims are ineffective assistance of counsel (*Singh*), lack of notice of the removal order (*Kumarasamy v. Att'y Gen.,* 453 F.3d 169, 172 (3d Cir. 2006)), and nonexistence of a functioning government in the country to which the alien is to be removed (*Ali v. Gonzales,* 421 F.3d 795, 797 n.1 (9th Cir. 2005) (order denying reh'g)). In *Singh,* the Ninth Circuit declined to consider petitioner's claims that the REAL ID Act's jurisdiction-stripping provisions violate the Suspension Clause and due process and equal protection guarantees of the Constitution. *Singh,* 499 F.3d at 980.

Guanlao's habeas challenges other than for ineffective assistance of counsel are foreclosed by the REAL ID Act. As Guanlao notes in the first paragraph of her Amended Petition, she is asserting that her removal order is unlawful because it is "based on misinterpretation and misapplication of Title VII of the [CNRA] . . ." In the order of removal, the officer who allegedly misinterpreted and misapplied the law was the immigration judge. (*See* Oral Decision of the Immigration Judge, Sept. 10, 2013, Am. Pet. Ex. 7.) Likewise, it was the immigration judge who sustained factual allegations by the Government bearing on Guanlao's status in the CNMI and the United States. (*See id.*) Her challenges, other than ineffective assistance of counsel, go to the core factual and legal determinations supporting the removal order. The REAL ID Act expressly consigns to the court of appeals "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions," arising from removal action. 8 U.S.C. § 1252(b)(9).

In her opposition brief, Guanlao asserts that the REAL ID Act's jurisdiction-stripping provisions violate the Suspension Clause (U.S. Const. art I, sec. 9, cl. 2), which prohibits the suspension of the writ of habeas corpus except in wartime. (Opp'n 2.) That argument has been rejected by the Ninth Circuit. When direct appeal is available at the circuit level, "no Suspension Clause problem arises from the district court's lack of jurisdiction under the REAL ID Act. . . . The Suspension Clause does not require habeas review; rather it requires that an adequate and effective 'collateral remedy' be available to a petitioner." *Negrete v. Holder,* 567 F.3d 419, 422 (9th Cir. 2009).

For these reasons, the Court will grant the Government's motion to dismiss all habeas claims going to factual determinations and legal conclusions made by the immigration judge and supporting the order of removal.

//

/

*3. Discretionary Actions*

Guanlao complains that immigration officials, including the immigration judge, deprived her of due process by refusing to exercise discretion in her favor and abused their discretion in seeking her removal. (Am. Pet. ¶¶ 7, 60, 64.) Specifically, she asserts that (1) Respondent Gerald Zedde "had no lawful discretion to place Petitioner in removal proceedings pursuant to [INA § 212(a)(6)(A)(i)]" (*id.* ¶ 39); (2) immigration officers "arbitrarily and capriciously ignored" a directive from ICE Director John Morton on exercising prosecutorial discretion in removal decisions and "failed and refused to evaluate Petitioner's case under the standards specified" in the directive (*id.* ¶ 42); (3) Respondents Melville and Baran each denied an employer's petition for a CW-1 visa on Guanlao's behalf based on "error in the interpretation and application of law" (*id*. ¶¶ 42, 54); (4) Respondent Green issued her a notice of revocation of her parole in place containing "a number of statements of questionable validity and purpose" (*id.* ¶ 45) and denied a subsequent application for parole in place based on "an obtuse refusal to recognize [Guanlao's] lawful status as of November 28, 2009" (*id.* ¶ 48); and (5) Respondent Campagnolo denied her application for CW-2 status (as a dependent of a transitional worker) "as a result of error in USCIS understanding and application of the law" (*id.* ¶ 46). The Government asserts that the federal statutes strip the district court of jurisdiction to hear such claims in a habeas proceeding. (Opp'n 16–18.)

Congress has expressly channeled to the courts of appeal and away from the habeas process any possible review of "the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]" 8 U.S.C. § 1252(g); *see Reno v. Am.-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 482 (1999). Thus, § 1252(g) prevents this Court from entertaining a habeas challenge to Respondent Zedde's decision to commence removal proceedings and his and other immigration officials' alleged failure to afford Guanlao discretionary relief from removal. Any other discretionary decisions are

channeled away from the habeas process by the "zipper" clause, 8 U.S.C. § 1252(b)(9). *See id.* at 483. Certain discretionary decisions regarding removal are even beyond the jurisdiction of the circuit courts. *See Vilchiz-Soto v. Holder,* 688 F.3d 642, 644 (9th Cir. 2012) ("traditional abuse of discretion challenges recast as alleged due process violations do not present sufficiently colorable constitutional questions as to give this court jurisdiction"). But for present purposes, it is enough to observe that the district court clearly is without jurisdiction to issue the writ of habeas corpus with respect to Respondents' discretionary acts and omissions.

    4. *Ineffective Assistance of Counsel*

    In criminal cases, the standard for evaluating Sixth Amendment ineffective assistance of counsel claims is set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). The *Strickland* test is two-pronged; it "requires a defendant to establish [1] deficient performance and [2] prejudice." *Knowles v. Mirzayance,* 556 U.S. 111, 124 (2009). Counsel's performance is deficient only if it "'fell below an objective standard of reasonableness,' as measured by 'prevailing professional norms.'" *Cheney v. Washington,* 614 F.3d 987, 994 (9th Cir. 2010) (quoting *Strickland,* 466 U.S. at 688). "The defendant bears the burden of overcoming the strong presumption that counsel performed adequately." *Id.* at 995. If the defendant proves deficient performance, she must then show prejudice – meaning "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 446 U.S. at 694.

    In removal proceedings, there is no Sixth Amendment right to effective assistance of counsel. *Mohammed v. Gonzales,* 400 F.3d 785, 793 (9th Cir. 2005). Claims of ineffective assistance of counsel are sustained only if counsel's substandard performance deprived the alien of the due process guarantees of the Fifth Amendment by making the proceeding "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Lopez v. I.N.S.,* 775 F.2d 1015, 1017 (9th Cir. 1985). This standard "is higher than the Sixth Amendment standard set forth in *Strickland.*" *United States v. Zamudio,* 787 F.3d 961, 965 (9th Cir. 2015).

Thus, a court may first ask whether an immigration attorney's performance falls below the *Strickland* standard; if it does not, the inquiry ends. *Id.*

Guanlao claims that in the course of removal proceedings she was "deprived of due process of law as a consequence of ineffective assistance of counsel, by multiple attorneys, in the course of removal proceedings against her." (Am. Pet. ¶ 6.) She maintains that this ineffectiveness "deprived her of review of the final order of removal in the court of appeals" and "the opportunity to have a timely motion to reopen considered by the Board of Immigration Appeals." (*Id.*) The final order of removal was the BIA's determination affirming the immigration judge's order of removal. *See* 8 U.S.C. § 1101(a)(47)(B); *Shaboyan v. Holder,* 652 F.3d 988, 990 (9th Cir. 2011). The ineffective assistance claims can be sorted according to whether the alleged acts and omissions occurred before or after the final order of removal. The "before" claims are that in the administrative removal proceedings, John Doe and Jane Roe failed to challenge the propriety of applying INA § 212(a)(7)(A)(i)(I) to their client and failed to seek other relief such as cancellation of removal. (Am. Pet. ¶ 49.) The "after" claims are that Alice Roe never petitioned for review to the Ninth Circuit, and that she bungled the attempted filing of a motion to reopen with the BIA. (*Id.* ¶ 56.)

A petition for review by the court of appeals must be filed within thirty days of the date of the final order of removal. *Yepremyan v. Holder,* 614 F.3d 1042, 1043 (9th Cir. 2010). The time limit is "mandatory and jurisdictional and not subject to equitable tolling." *Id.* (internal quotation marks and citation omitted). However, "a narrow claim of ineffective assistance of counsel in connection with a post-administrative filing of an appeal with the court of appeals does not require review of an order of removal" and thus "falls outside the jurisdiction-stripping provisions of the REAL ID Act." *Singh v. Gonzales,* 499 F.3d 969, 972 (9th Cir. 2007). Attorneys Doe and Roe represented Guanlao in the initial removal proceedings before the immigration judge, and it was in connection with those proceedings that their alleged ineffective

assistance occurred. Therefore, the claims with respect to Attorneys Doe and Roe do not fall within the *Singh* exception. Also, those claims must be dismissed because Guanlao failed to exhaust administrative remedies by not raising them in her administrative appeal to the BIA. *See id.* (affirming district court's dismissal of Singh's claims relating to first attorney's handling of asylum application for failure to exhaust administrative remedies).

The Government asserts that Guanlao's ineffective assistance of counsel claims with respect to Alice Rae likewise fall outside the exception carved out in *Singh*. (Memo. 19–20.) The Government points out that in *Singh* and a pre–REAL ID Act case, *Dearinger v. Reno,* 232 F.3d 1042 (9th Cir. 2000), counsel filed petitions for review with the court of appeals late, outside the thirty-day period. In contrast, Guanlao's counsel Rae never petitioned for review, and Guanlao has not alleged that she retained counsel to file a petition for review. In the Government's view, Rae may have made a tactical decision to move to reopen in lieu of seeking judicial review in the Ninth Circuit. (Memo. 20.)

There is no *per se* rule that an attorney must appeal an adverse judgment or order and that failure to do so is automatically ineffective assistance of counsel. *See Roe v. Flores-Ortega,* 528 U.S. 470, 478 (2000). In evaluating such ineffective assistance claims, a court must first ask "whether counsel in fact consulted with the defendant about an appeal" – meaning "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* If counsel has not consulted with her client, the court must determine whether the "failure to consult . . . itself constitutes deficient performance." *Id.* In a criminal case, the failure to consult constitutes deficient performance "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. Under this standard, Alice Rae's failure to seek judicial review may or may not constitute deficient performance, the

first prong of the *Strickland* test. Without an evidentiary hearing, the Court cannot make the determination. *Cf. McLachlan v. Bell,* 261 F.3d 908 (9th Cir. 2001) (observing that district court's decision whether to conduct an evidentiary hearing before deciding a Rule 12(b)(1) motion is reviewed for abuse of discretion).

The Government also attacks the second *Strickland* prong: prejudice. In its supporting memorandum, the Government asserts Guanlao cannot show that the removal proceedings were fundamentally unfair. There is no evidence, says the Government, that in an appeal to the Ninth Circuit, prior counsel would have argued the "novel construction" (Memo. 21) of the CNRA that Guanlao's present counsel claims would succeed. Moreover, in its reply, the Government asserts that present counsel's central argument – that the INA is subordinate to the CNRA – is meritless, having been rejected already by the Ninth Circuit in *Mtoched v. Lynch,* 786 F.3d 1210 (9th Cir. 2015). (Reply 9–11.) If the argument would have no rational probability of success, Guanlao cannot show prejudice.

The Government's arguments, however, go to the substance of the ineffective assistance of counsel claim, not jurisdiction. A failure to file notice of appeal is as much "*in connection with* a post-administrative filing of an appeal," *Singh,* 499 F.3d at 972 (emphasis added), as the late filing of notice. "*Strickland* requires a reviewing court to 'determine whether, in the light of all the circumstances, the identified acts *or omissions* were outside the wide range of professionally competent assistance.'" *Kimmelman v. Morrison,* 477 U.S. 365, 386 (1986) (quoting *Strickland,* 466 U.S. at 690 (emphasis added)). In *Singh,* the Ninth Circuit remanded the case to the district court for a determination of the merits of petitioner's ineffective assistance claim. "On remand, we cannot predict what procedural or substantive hurdles Singh might face[.] . . . We offer no judgment as to whether the district court will proceed with the claim on the merits or what additional administrative remedies may remain for Singh." *Singh,* 499 F.3d at 979.

The bar Guanlao must clear to show ineffective assistance in a civil matter like this one is high. Any one of the Government's arguments as to why Guanlao's claim fails may, in the end, prevail. But they do not show that this Court lacks jurisdiction to hear the matter.

### V.   CONCLUSION

The only habeas claim that the Court has jurisdiction over is the claim that Alice Rae's failure to seek review of the final removal order in the Ninth Circuit deprived Guanlao of due process. All Guanlao's other habeas claims – including claims of ineffective assistance of counsel by John Doe and Jane Roe, the claim that Rae was ineffective in misfiling the motion to reopen, challenges to discretionary decisions of immigration officials, and objections to legal and factual determinations of the immigration judge – must be dismissed for lack of subject matter jurisdiction. The second, third, and fourth "causes of action" are prayers for declaratory and injunctive relief, not cognizable claims.

WHEREFORE the Court GRANTS IN PART and DENIES IN PART the Government's Motion to Dismiss, and ORDERS as follows:

(1) The second, third, and fourth causes of action are DISMISSED.

(2) The petition for a writ of habeas corpus "on account of failure and refusal by respondents to exercise discretion where required by law and/or policy to do so" (Am. Pet. ¶ 64) is DISMISSED for lack of jurisdiction.

(3) All claims of a violation of due process owing to ineffective assistance of counsel by John Roe and Jane Doe, and by Alice Ray in connection with a motion to reopen, are DISMISSED for lack of jurisdiction.

(4) **Within fourteen (14) days of the date of this order** Petitioner Guanlao must file and serve a verified second amended petition limited to the alleged ineffective assistance of counsel by Alice Rae in connection with Rae's failure to file a petition for review of the final order of removal with the court of appeals. The remedy prayed for must

be within the bounds permitted in *Singh,* 499 F.3d at 979 ("Singh's only remedy would be the restarting of the thirty-day period for the filing of a petition for review with this court."). **Failure to timely file a second amended petition that conforms with this order will result in dismissal of this case with prejudice.**

(5) The Government must file and serve an answer or responsive motion within fourteen (14) days after service of the second amended petition.

**SO ORDERED** this 31st day of October, 2016.

                                        RAMONA V. MANGLONA
                                            Chief Judge