F I L E D
Clerk
District Court
JUN 19 2018
for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AMALIA GUANLAO,<br><br>Petitioner,<br><br>vs.<br><br>GERALD ZEDDE *et al.*,<br><br>Respondents. | Case No.: 16-cv-00018<br><br>**DECISION AND ORDER GRANTING RESPONDENTS' MOTION TO DISMISS** |

Before the Court is Petitioner Amalia Guanlao's second amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, through which she seeks to appeal the final order of removal issued by an immigration judge. (Second Am. Petition, ECF No. 23.) Respondents seek to dismiss the second amended petition. (Mot. to Dismiss, ECF No. 88; Mem. in. Supp., ECF No. 89.)

For the reasons discussed below, the motion to dismiss is GRANTED.

## I. BACKGROUND

The facts giving rise to this case have been recounted in detail in the October 31, 2016, Decision & Order Granting in Part and Denying in Part Respondents' Motion to Dismiss the First Amended Petition. (Decision & Order, ECF No. 22.) Those facts are incorporated by reference and are not repeated here.

Following the Court's October 31, 2016, Decision & Order, Petitioner filed a second amended petition, seeking leave to appeal the final removal order to the Ninth Circuit. (ECF No. 23.) In the petition, Guanlao alleges that her attorney, Alice Rae, was ineffective because she failed to advise

Petitioner that she could appeal the final order of removal to the Ninth Circuit. (*Id.* ¶ 5.) Thus, Petitioner argues, she was denied due process and is entitled to an order reopening the 30-day period for filing an appeal of the final order of removal and for filing an appeal of the BIA's rejection of the defective motions to reopen filed by Alice Rae and John Doe. (*Id.* ¶¶ 106–07.)

Respondents now seek to dismiss the second amended petition for failure to state a claim. (Mot. to Dismiss, ECF No. 88.)

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a pleading "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). In other words, the pleading must contain "more than labels and conclusions"; the "[f]actual allegations must be enough to raise a right to relief above a speculative level." *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). Thus, a court must "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then consider whether the well-pleaded allegations could "plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 678-79). If the well-pleaded allegations "are merely consistent with a defendant's liability," the plausibility threshold has not been satisfied. *Id.* (quoting *Iqbal*, 556 U.S. at 678.) But "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

Respondents submit that Petitioner has reasserted the previously dismissed claims, and these must be dismissed. (Mem. in Supp. 11, ECF No. 89.) They also contend that Petitioner has not established that Alice Rae's performance was deficient, or, even if it were deficient, that she was prejudiced by Rae's performance, and therefore the due process claim must be dismissed. (*Id*. at 13–16.)

### A. Previously Dismissed Claims

In her second amended petition, Guanlao seeks an order "reopening the period for her to file a petition for review with the court of appeals" regarding three final decisions: (1) the May 14, 2015 BIA final order of removal; (2) the June 22, 2015 rejection of the defective motion to reopen filed by Alice Rae, and (3) the March 2, 2016 denial of the untimely motion to reopen filed by John Doe. (Second Am. Pet. ¶ 107.)

As the October 31, 2016, Decision & Order made clear, the Court has jurisdiction to hear only a "narrow claim of ineffective assistance of counsel in connection with a post-administrative filing of an appeal with the court of appeals." Decision & Order, 2016 WL 6469320, at *6. Thus, the Court lacked jurisdiction over the claims related to the ineffective assistance of counsel John Doe, Jane Doe, and Alice Rae related to the defective and untimely motions to reopen Guanlao's case before the Board of Immigration Appeals ("BIA"). *Id*. at *8. However, the Court found that it had jurisdiction over the due process claim against Alice Rae in connection with her request to restart the thirty-day window for filing a petition for review with the Ninth Circuit. *Id*.

Consistent with the October 31, 2016 Decision & Order, the Court cannot reopen the window

to petition for review with the court of appeals with respect to the rejection of the defective motion to reopen and the untimely motion to reopen. This is because the ineffective assistance of counsel that Guanlao allegedly received from her attorneys as to the untimely and defective motions to reopen were in connection with the initial removal proceedings, and therefore the claims do not fall within the *Singh* exception. *See* Decision & Order, 2016 WL 6469320, at *6. The Court, therefore, lacks the authority to reopen the window to petition the Ninth Circuit to consider the June 22, 2015 rejection of the defective motion to reopen filed by Alice Rae and the March 2, 2016 denial of the untimely motion. Accordingly, Respondents' motion to dismiss the previously dismissed claims is granted.

### B. Due Process Violation

Petitioner contends that her due process rights were violated because she received ineffective assistance of counsel due to Alice Rae's failure to advise her about appealing the final removal order to the Ninth Circuit. (Second Am. Pet. ¶ 94.) Guanlao claims that had she been advised of the ability to file a petition with the court of appeals, she would have filed an appeal and would have been able to obtain review of the claims. (*Id*.)

In the context of removal proceedings, ineffective assistance of counsel may be the basis of a habeas petition if it amounts to a violation of due process. *Singh v. Holder*, 658 F.3d 879, 885 (9th Cir. 2011). Due process is violated if, as a result of ineffective assistance of counsel, "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Id*. To demonstrate a due process violation, a petitioner must demonstrate prejudice. *Ortiz v. I.N.S.*, 179 F.3d 1148, 1153 (9th Cir. 1999). "Prejudice is found when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings." *Id*. Further, "where an alien is

prevented from filing an appeal in an immigration proceeding due to counsel's error, the error deprives the alien of the appellate proceeding entirely," which "mandates a presumption of prejudice." *Dearinger v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)). Thus, a petitioner must show that "there is a reasonable probability that he would have appealed but for counsel's deficient failure to consult with him about an appeal." *Id*. The presumption of prejudice, however, is rebuttable, and a petitioner must therefore also show plausible grounds for relief. *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003).

In this case, Petitioner submits that she would have appealed "any issue apparent from the record, as well as the ineffectiveness of her counsel in immigration court" if Alice Rae had informed her about the possibility of appeal. (Second Am. Pet. ¶ 5.) Because Petitioner has alleged that Rae failed to inform her about appealing the final removal order and that she would have appealed it if she had been told of the option, Petitioner is entitled to the presumption of prejudice.

However, Guanlao did not raise the due process claim with the BIA and has thus failed to exhaust the administrative remedies as required. *Zarate v. Lynch*, 667 F. App'x 939, 940 (9th Cir. 2016) (citing *Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000)). As the claim was not exhausted, the Ninth Circuit lacks jurisdiction to consider it on the merits, and Petitioner has not shown plausible grounds for relief. *Id*.[1]

Since Petitioner failed to exhaust her claims, she would generally be required to return to the

---

[1] To the extent that Petitioner has raised other issues in her second amended petition as potential grounds that she would have appealed, at the June 8, 2018, hearing, counsel for Petitioner clarified that they were pursuing only the due process violation based on Alice Rae's failure to inform Petitioner that she could petition the Ninth Circuit for review of the final removal order. Accordingly, the Court will not address any other potential arguments raised by Petitioner.

BIA to pursue them. However, the 30-day window for filing a motion to reopen her case has lapsed, and this Court lacks jurisdiction to order the window reopened. Thus, Petitioner cannot prevail on her due process claim in this Court, before the BIA, or before the Ninth Circuit. While this outcome may seem harsh, especially given the alleged deficiencies of multiple attorneys involved in this case, the Court is not empowered to do more than authorized by the Constitution and by statute. And in this instance, the Court cannot grant Petitioner the relief that she seeks. Accordingly, Petitioner's claims are dismissed with prejudice.

## IV.  CONCLUSION

For the reasons set forth above, Respondents' motion to dismiss (ECF No. 88) is GRANTED. Petitioner's claims are DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.



**/s/ Frances M. Tydingco-Gatewood**
 **Designated Judge**
**Dated: Jun 19, 2018**